# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Petitioner**

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-181**          (JCN: 2022024961)

**DONNIE ADKINS,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Toyota Motor Manufacturing WV, Inc., ("Toyota") appeals the March 29, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Mr. Adkins did not file a response.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 5, 2022, while working for Toyota, Mr. Adkins suffered an injury to his low back when he was lifting forty-pound boxes of bolts. Mr. Adkins visited the CAMC Teays Valley Emergency Room on May 9, 2022, and reported low back pain radiating down into his right thigh. Mr. Adkins did not report any injury at this time. A CT of the lumbar spine was performed, revealing moderate spinal canal narrowing at L3-L4 and L4-L5, and moderate to severe neural foraminal narrowing bilaterally at L4-L5 and L5-S1. A history of back surgery in 2007 was noted.

Mr. Adkins was seen by Sean DiCristofaro, M.D., on May 11, 2022, and reported that he suffered an occupational injury on May 5, 2022. The physical examination revealed diffuse pain on palpation of the paraspinous muscles of the lumbar spine. Mr. Adkins' quadriceps had diminished strength, worse on the right, and there was a positive strain test. Dr. DiCristofaro assessed vertebrogenic low back pain. Dr. DiCristofaro referred Mr. Adkins to Marshall University neurosurgery for low back pain with right lower extremity

---

[1] Toyota is represented by Tracey B. Eberling, Esq. Mr. Adkins did not appear.

radiculopathy and removed him from work until May 22, 2022, depending on his appointment with neurosurgery.

On May 17, 2022, Mr. Adkins was seen by Sajeel Khan, M.D., a neurosurgeon, and Ciara Floyd, NP. Dr. Khan reviewed the x-rays and CT performed at CAMC and a lumbar MRI was ordered. Mr. Adkins underwent a lumbar MRI on May 19, 2022. On May 20, 2022, Dr. Khan reviewed the MRI of the lumbar spine, and found that it showed a right sided L4-L5 disc protrusion with moderate to severe foraminal stenosis and a left sided L5-S1 disc protrusion. Dr. Khan opined that acute neurosurgical intervention was unnecessary because Mr. Adkins was neurologically stable.

Marie Kincaid, RN, BSN, completed an Employers' Report of Occupational Injury or Disease form, dated June 17, 2022. Ms. Kincaid identified the date of injury as May 5, 2022, and indicated that Mr. Adkins injured his lower back area while he was performing work duties and that the pain progressed. Ms. Kincaid indicated that the injury occurred on Toyota's property. She failed to identify the date the employer was notified of the injury, but she indicated that the supervisor to whom the injury was reported was William Mitchell. On August 17, 2022, the claim administrator issued an order rejecting the claim on the basis that the condition was preexisting and active and work could not be established as the proximate cause. The order also stated that the claim was not reported timely to the employer. Mr. Adkins protested this order to the Board.

A lumbar MRI was performed on March 3, 2023. On March 17, 2023, Dr. Khan reviewed the March 3, 2023, MRI and advised Mr. Adkins that he did not recommend further surgery as overall the MRI was stable to slightly improved from previously. Dr. Khan assessed lumbar spondylotic radiculopathy and stated that he would continue to treat Mr. Adkins conservatively as lumbar decompression was currently not warranted. Dr. Khan indicated he would refer Mr. Adkins for a second opinion.

On May 1, 2023, Mr. Adkins was evaluated by David Xu, M.D., at the Ohio State University Wexner Medical Center for a second opinion. Dr. Xu noted that Mr. Adkins had back surgery in 2007, and over the past several years, he has had increasingly severe mechanical and axial low back pain. Dr. Xu opined that the majority of Mr. Adkins' back pain came from L4-L5 and L5-S1 degeneration in both the disk space as well as the facets and he discussed treatment options including selective fusion surgery. Dr. Xu performed an L4-S1 anterior interbody lumbar fusion on July 20, 2023. The pre- and post-operative diagnoses were L4-S1 disc degeneration and neuroforaminal stenosis. On September 13, 2023, Mr. Adkins returned to Dr. Xu's office for a follow-up. He reported that his back and right leg were doing well.

On March 29, 2024, the Board reversed the claim administrator's order, which rejected the claim. The Board found that the evidence supports a finding that Mr. Adkins

sustained a lumbar injury in the course of and resulting from his employment. Toyota now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

On appeal, Toyota argues that the evidence establishes that Mr. Adkins' condition is attributable to his well-documented preexisting lumbar spine condition. Toyota further argues that the Board failed to consider evidence submitted before it, the evidence in question being a disability statement signed by Dr. DiCristofaro, that establishes that Mr. Adkins' symptoms are related to his preexisting condition. Finally, Toyota argues that Mr. Adkins' delay in reporting his injury and "inconstant statements" regarding his injury establish that his symptoms are attributable to his preexisting condition. We disagree.

Here, the Board found that the evidence established that Mr. Adkins sustained a lumbar injury in the course of and resulting from his employment. The Board noted that Toyota failed to submit any recent medical evidence that would indicate that Mr. Adkins' symptoms are due to a preexisting condition. The Board found that Mr. Adkins' back surgery from fifteen years prior does not preclude him from having a compensable injury to his lumbar spine. The Board further noted that Mr. Adkins reported his occupational injury to his primary care physician on May 11, 2022, and that the employer did not provide evidence showing when Mr. Adkins reported the injury to the employer. Finally, the Board noted that the claim administrator's order rejecting the claim indicated that Mr. Adkins was

3

diagnosed with a low back strain, despite Toyota's assertion that no compensable diagnosis had been identified.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Adkins has established that he sustained a lumbar injury in the course of and resulting from his employment.

Further, we find that the Board's failure to address the disability statement signed by Dr. DiCristofaro is harmless error. The disability statement does not contain any relevant information of which the Board was not already aware through other evidence submitted into the record. Thus, we conclude that the Board's consideration of the disability statement would not have changed the outcome of the instant case.

Accordingly, we affirm the Board's March 29, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4